SAMUEL A. MAXFIELD *vs.* AZRO H. JONES and ELLEN D. JONES.

Penobscot. Opinion May 5, 1884.

*Practice. Opening a case to the jury. Contract. Failure of consideration.*

While it may be a good practice for plaintiff's opening counsel to state, in addition to his own case, the expected defence and plaintiff's answer to such defence, exceptions do not lie to a judge's refusal to allow the counsel to do so. It is a question within the discretion of the judge presiding.

Plaintiff held notes against defendant; defendant delivered goods to plaintiff in payment of the notes; before the notes were surrendered by plaintiff the defendant was declared a bankrupt and the sale became thereby void. *Held:* That the plaintiff could recover upon the notes upon the ground that the consideration for a promised surrender of the notes had failed.

The bias or prejudice of parties as witnesses should be shown by brief testimony in a general way, and not by prolix and prosy details.

ON exceptions by both parties and motion of the plaintiff to set aside the verdict.

Assumpsit on a promissory note signed by both of the defendants, dated July 23, 1877, for $800. The plea was the general issue. The verdict was for $1134.39 against Azro H. Jones and in favor of the other defendant.

*Barker, Vose and Barker,* for the plaintiff, cited in support of his exceptions: *Huntington* v. *Conkey,* 33 Barb. 220; *Ayrault* v. *Chamberlain,* 33 Barb. 233; Colby's Prac. 236; 3 Bouvier's Inst. 333, § 3044; *Davis* v. *Mason,* 4 Pick. 156; *Scripps* v. *Reilly,* 24 Am. R. 575.

*Jasper Hutchings,* for the defendants, in support of their exceptions, cited: *Ellis* v. *Wild,* 6 Mass. 321; *Dakin* v. *Anderson,* 18 Ind. 52; *Levy* v. *Bank of U. S.* 1 Binn. (Pa.) 27; *Leavitt* v. *Beers,* Hill & D. (N. Y.) 221; *Caruthers* v. *Corbin,* 38 Ga. 75; *Green* v. *Jones,* 38 Ga. 347; *King* v. *King,* 37 Ga. 205; *Luzenberg* v. *Cleveland,* 19 La. Ann. 473; *Freeman* v. *Bass,* 34 Ga. 355; *Bicknell* v. *Dorion,* 16 Pick. 478.

PETERS, C. J. Each side presents exceptions. The plaintiff's grievance is this: The action is upon a note. His counsel, in opening the cause to the jury, undertook to state what defense would be set up against the note and the plaintiff's reply to such defense. He was not permitted to do so. If he was about to state the grounds of defense correctly, and that could have been easily ascertained, we think it would have been the better course to allow the counsel to make the statement. The note made out only a *prima facie* case, not disclosing the real controversy. A case can be better understood if the actual issues are made known in advance of the reception of the testimony. It is not uncommon, in our pratice, for a judge to ask counsel to state the respective positions relied upon before proceeding with the evidence. In Spaulding's Prac. it is said, "The opening counsel may state the matter of defense, if it appears from the record, or from a notice of set-off, or the like, and also the evidence by which he can disprove it." It seems just as reasonable to state the supposed defense in cases generally, if the plaintiff's counsel has knowledge or an intimation of it. The plaintiff contends that this denial of the court is cause for a new trial. We do not concur with him to that extent. We think, as a rule, this is a matter within the discretion of the presiding judge and not reviewable upon exceptions. Evidently, no substantial legal right was taken away.

The facts, shortly stated, upon which the defendant's exceptions are based, are these: The plaintiff held the note in suit and other notes against the defendants; the principal defendant sold and delivered to the plaintiff a stock of goods and merchandise in payment of the notes; the plaintiff kept possession of the notes, apprehending that the defendant might be forced into

bankruptcy in season to render the sale of goods to him void; it turned out so, the plaintiff getting no benefit whatever from the sale, and being compelled to account with the defendant's assignee in bankruptcy therefor.

The judge correctly ruled that the consideration for the promised surrender of the note had failed, and that the plaintiff could maintain his action upon it. The assignment in bankruptcy, by its retroactive effect, rendered the sale to the defendant void. A vender in possession impliedly warrants his title to the thing sold. *Thurston* v. *Spratt,* 52 Maine, 202; *Huntingdon* v. *Hall,* 36 Maine, 501. For the breach of warranty, or failure of consideration, the purchaser can rescind. *Marston* v. *Knight,* 29 Maine, 341; *Bryant* v. *Isburgh,* 13 Gray, 607. Suing the note rescinds the sale. The defendant contends that the object of the sale was to defraud the seller's creditors. He cannot set up such a defense. *Butler* v. *Moore,* 73 Maine, 151. The purchaser does not get that for which he was to pay. It is the same rule as that which applies in favor of a buyer who buys forged shares in a corporation; or forged bills or notes; or who gets an article different from that which was described in the sale. He can recover back money if he paid money; or recover in specie any property passed over to the seller. Here the buyer has in his own hands the note which he was to surrender for the goods, and can collect the same. *Eichholtz* v. *Banister,* 17 C. B. (N. S.) 708; *Chapman* v. *Speller,* 14 Q. B. 621. See, Benj. Sales (3 Am. ed.), § 423, and cases in note.

The motion to set aside the verdict should not prevail. There was a sharp conflict of testimony between the parties, and the jury could appreciate the merits of the case better than we can. An excessive amount of immaterial and useless testimony is incorporated into the reported case. Its only purpose could be to show the animus of the parties as witnesses. That fact should be exhibited in a general way and not by prolix and prosy details.

*Motion and exceptions overruled.*

WALTON, DANFORTH VIRGIN and LIBBEY, JJ., concurred.